UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

| | |
|---|---|
| GLYNN SIMMONS, ) <br> ) <br>     Appellee/Respondent, ) <br> ) <br> v. ) <br> ) <br> CITY OF OKLAHOMA CITY, et al. ) <br> ) <br>     Appellant/Petitioner. ) | Appeal # 25-6051 <br> Case No. CIV-2024-97-J |

### MOTION OF APPELLANT CITY OF OKLAHOMA CITY FOR EXTENSION OF TIME UNTIL AUGUST 4, 2025 TO FILE ITS BRIEF AND APPENDIX

Pursuant to Rule 27.6 of the Tenth Circuit Rules, Defendant/Appellant City of Oklahoma City request an extension of sixty days or until August 4, 2025, to file its respective Brief and Appendix, which is currently due June 3, 2025. In support of this motion, Appellant states:

1. This Court has scheduled the Appellant City's brief and appendix due on or before June 3, 2025. (See Doc. 11-2, letter from Clerk of Court, Christopher Wolpert)

2. The City filed its Notice of Appeal on April 10, 2025.

3. The City's appeal requests this Court to accept pendent jurisdiction over its appeal because it is related to the appeal of Defendant Claude L. Shobert based on qualified immunity. (See Doc.8, Docketing Statement of City)

4. Shobert's qualified immunity appeal is case no. 25-6046. He was a former employee of the City, and his appeal was timely filed on March 28, 2025. (See Doc. 6 in case no. 25-6046)

5. The City, in its appeal, requests the Court exercise its discretion to accept pendent jurisdiction because the claims of Plaintiff against Shobert and the City are "inextricably intertwined" and provide a pendent jurisdiction basis. (See *Mitchell v. Forsyth*, 472 U.S. 511 (1985); and *Moore v. City of Wynnewood*, 57 F.3d 924, 930 (10th Cir. 1995).

6. In Shobert's appeal, this Court recently entered an "Order" (Doc. 11) on April 18, 2025, which identified "a possible defect in the Court's appellate jurisdiction." That Order provided that Appellant Shobert file a memorandum brief addressing the court's jurisdiction within fourteen (14) days. He filed his brief (Doc. 12-1) on May 1, 2025. Plaintiff/Appellee Simmons must respond within fourteen (14) days. The Order also provided that "the Court is considering this matter for summary disposition…"

7. That same Order vacated the briefing schedule for Shobert's opening brief and appendix until further order.

8. Because the City's appeal basis is a request to accept pendent jurisdiction in relation to Shobert's appeal, if the Court dismisses Shobert's appeal for a lack of jurisdiction, the City's appeal would be moot.

9. If the Court retains jurisdiction, the current schedule of June 3rd for the City's brief would be inconsistent with the potential court's briefing schedule for Shobert's appeal. This assumes that the Court would also have to resolve the pendent jurisdiction question presented by the City's appeal.

10. The "jurisdictional defect" question resolution renders the City's Appellant brief due date on June 3rd premature.

11. Plaintiff Simmons' counsel has stated in writing that Plaintiff does not object to this request for extension.

12. There have been <u>no</u> prior requests for extension.

WHEREFORE, the City requests that the Court extend (or strike) the City's briefing schedule from June 3rd for sixty days until August 4, 2025, or until such time as the jurisdictional issue is resolved in the Shobert appeal.

Respectfully Submitted,

s/ Richard N. Mann
Richard N. Mann, OBA No. 11040
Sherri R. Katz, OBA No. 14551
Katie Goff, OBA No. 32402
Assistant Municipal Counselors
200 N. Walker, 4th floor
Oklahoma City, OK 73102
(405) 297-2451
richard.mann@okc.gov
sherri.katz@okc.gov
katie.goff@okc.gov
*Attorneys for Appellant City*

## CERTIFICATE OF SERVICE

      I hereby certify that on May 16, 2025, a true and correct copy of the above and foregoing document was transmitted to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the ECF registrants on file herein.

                                             s/ Richard N. Mann
                                             Assistant Municipal Counselor